1

2

3

4

5

6                       **UNITED STATES DISTRICT COURT**

7                            **DISTRICT OF NEVADA**

8   PHILIP ROEDER, et al.,                       )
                                                 )
9              Plaintiffs,                        )
                                                 )
10         v.                                     )        3:11-cv-105-RCJ-WGC
                                                 )
11                                                )        **ORDER**
    ATLANTIC RICHFIELD COMPANY and BP  )
12  AMERICA, INC.,                                )
                                                 )
13             Defendants.                        )
                                                 )
14  _____ )

15         Currently before the Court is Plaintiffs' motion for reconsideration (#53) of an order this

16  Court issued on August 30, 2011.  Specifically, Plaintiffs have moved for reconsideration of

17  the Court's denial of leave to amend Plaintiffs' unjust enrichment allegations.  For the following

18  reasons, Plaintiffs' motion for reconsideration is denied.

19                                **BACKGROUND**

20         Plaintiffs are landowners and residents in Yerington, Nevada who had their property

21  damaged by, and/or who are at an increased risk of being personally injured by, toxic

22  chemicals Defendants have permitted to escape from their property (the "Mine Site") into the

23  surrounding air, soil, and groundwater.  (Am. Compl. (#4) at 3-6).  The Mine Site consists of

24  an abandoned copper mine and extraction facility in Lyon County, Nevada.  (*Id.* at 7).  Empire

25  Nevada Mining & Smelting Co. first opened the Mine Site as the Empire Nevada Mine in 1918.

26  (*Id.*).  Anaconda Co. acquired the Mine Site in 1952 and operated it until 1977, when

27  Defendant Atlantic Richfield Co. ("ARCO") acquired Anaconda and operated the Mine Site until

28  1982. (*Id.*). These companies extracted approximately 360 million tons of ore and debris from

    the open pit mine, much of which now remains as waste in a "pit lake" and "tailings or leach

1  heap piles." (*Id.*). The toxic substances on the Mine Site—including arsenic, chromium, lead,

2  mercury, uranium, thorium, and radium—have contaminated the local groundwater, surface

3  water, soil, and air, leaving Plaintiffs exposed to them. (*Id.* at 7-11).

4  Plaintiffs sued Defendants in this Court. The amended complaint listed ten causes of

5  action: (1) Nuisance; (2) Nuisance Per Se; (3) Strict Liability; (4) Trespass; (5) Battery; (6)

6  Negligence; (7) Negligence Per Se; (8) Unjust Enrichment; (9) Fraudulent Concealment; and

7  (10) Negligent Misrepresentation. (*Id.* at 19-41). Defendants moved to dismiss all claims

8  except those for nuisance, trespass, and negligence. (Mot. to Dismiss (#28) at 2). By order

9  dated August 30, 2011 (the "Order"), this Court dismissed without leave to amend all the

10  challenged claims except those for strict liability and battery. (Order (#50) at 16).

11  On September 19, 2011, Plaintiffs moved for reconsideration of the Court's denial of

12  leave to amend Plaintiffs' unjust enrichment claim, or alternatively to include a theory of unjust

13  enrichment as a remedy. (Mot. for Reconsideration (#53) at 2). This Court had previously

14  dismissed the claim stating that Plaintiffs failed to allege they bestowed any benefit upon

15  Defendants. (Order (#50) at 13). Because Plaintiffs did "not allege ever to have permitted or

16  acquiesced in the 'storage' of anything directly on their own land with the expectation of

17  payment," the Court held that a claim for unjust enrichment did not lie here. (*Id.* at 14). The

18  Court accordingly dismissed Plaintiffs' claim for unjust enrichment without leave to amend.

19  (*Id.* at 16).

20  **LEGAL STANDARD**

21  Although motions for reconsideration are not specifically mentioned by name in the

22  Federal Rules of Civil Procedure, they are generally allowed to be brought under Rule 59(e).

23  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A court may grant a

24  motion for reconsideration where the movant: (1) demonstrates that the Court committed clear

25  error or that the initial decision was manifestly unjust; (2) presents newly discovered evidence;

26  or (3) demonstrates that there has been an intervening change in controlling law. *Sch. Dist.*

27  *No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration

28  of a previous order is an "extraordinary remedy, to be used sparingly in the interests of finality

1   and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)

2   (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)).

3   **DISCUSSION**

4   Plaintiffs do not rely on newly discovered evidence or any change in the controlling law

5   to support their motion for reconsideration, but rather rely solely on the argument that the

6   Court committed clear error in its Order dismissing Plaintiffs' claim for unjust enrichment

7   without leave to amend.  Although the Court should freely give leave to amend, granting leave

8   to amend is not necessary when there is "undue delay, bad faith or dilatory motive on the part

9   of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the

10  amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also*

11  FED. R. CIV. P. 15(a).  As Plaintiffs have failed to demonstrate that the Court committed clear

12  error in dismissing the claim for unjust enrichment without leave to amend because

13  amendment would be futile, Plaintiffs' motion for reconsideration is denied.

14  Under Nevada law, "the terms 'restitution' and 'unjust enrichment' are the modern

15  counterparts of the doctrine of quasi-contract." *Scaffidi v. United Nissan*, 425 F.Supp.2d 1159,

16  1170 (D. Nev. 2005) (quoting *Unionamerica Mortg. & Equity Trust v. McDonald*, 626 P.2d

17  1272, 1273 (Nev. 1981)).  The concept of a quasi-contract is an equitable principal under

18  which the court implies a contract where a contract should have been formed, but for some

19  reason was not, to prevent the "unjust retention of money or property of another against the

20  fundamental principles of justice or equity and good conscience." *Asphalt Products Corp. v.

21  All Star Ready Mix, Inc.*, 898 P.2d 699, 701 (Nev.1995) (quoting *Topaz Mutual Co. v. Marsh*,

22  839 P.2d 606, 613 (Nev. 1992)).  It is because unjust enrichment is a quasi-contract theory

23  which implies a contract where one was contemplated, but not actually formed, that "an action

24  based on a theory of unjust enrichment is not available when there is an express, written

25  contract, because no agreement can be implied when there is an express agreement."

26  *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev.1997).

27  In this case there are no allegations that Plaintiffs or Defendants ever attempted to form

28  a contract to dispose of the waste or even contemplated the formation of a contract.  Plaintiffs

1  have only alleged that Defendants placed the waste on their property without permission.

2  Although this may give rise to a claim of trespass, nuisance, or even strict liability for the harm

3  to Plaintiffs' property, because no contract was ever contemplated by either party the action

4  does not give rise to a claim of unjust enrichment.  Accordingly, the Court did not err in

5  dismissing Plaintiffs' claim for unjust enrichment and denying Plaintiffs leave to amend

6  because Plaintiffs do not now claim they can allege any contemplation of a contract, and

7  therefore allowing the amendment would be futile.

8  **CONCLUSION**

9  For the foregoing reasons, IT IS ORDERED that Plaintiffs' motion for reconsideration

10  (#53) is denied.

11

12  DATED:  This 11th day of May, 2012.

13

14  United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4