**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**ROBISON, BELAUSTEGUI, SHARP & LOW**
Kent R. Robison, Esq., NSB # 1167
Kristen Martini, Esq., NSB # 11272
71 Washington Street
Reno, Nevada  89503
Telephone: (775) 329-3151
Facsimile: (775) 329-7941

**KANNER & WHITELEY, L.L.C.**
Allan Kanner, Esq. (*Pro Hac Vice*)
Elizabeth B. Petersen, Esq. (*Pro Hac Vice*)
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763

**JANET, JENNER & SUGGS, LLC**
Howard A. Janet, Esq. (*Pro Hac Vice*)
Leah K. Barron, Esq. (*Pro Hac Vice*)
1829 Reisterstown Road, Suite 320
Baltimore, MD 21208
Telephone: (410) 653-3200
Facsimile: (410) 653-6903

**GERMAN RUBENSTEIN LLP**
Steven J. German, Esq. (*Pro Hac Vice*)
Joel M. Rubenstein, Esq. (*Pro Hac Vice*)
19 West 44th Street, Suite 1500
New York, NY 10036
Telephone: (212) 704-2020
Facsimile: (212) 490-4800

*Attorneys for Plaintiffs*

| | |
|---|---|
| PHILIP ROEDER, ANNA ROEDER, LISA LACKORE, individually and as mother and natural guardian of MELISSA LACKORE and COLE LACKORE, Minors; MICHAEL LACKORE, individually and as father and natural guardian of MELISSA LACKORE and COLE LACKORE, Minors, On Behalf of Themselves and all Others Similarly Situated,<br><br>            Plaintiffs,<br><br>v.<br><br>ATLANTIC RICHFIELD COMPANY and BP AMERICA, INC.<br><br>            Defendants. | Case No. 3:11-cv-00105-RCJ-RAM<br><br>ORDER<br><br>PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD ON PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT |

      Class Counsel hereby moves to supplement the record in the above-referenced class action that is currently in the notice-and-administration phase of a proposed class action settlement following this Court's grant of preliminary approval on February 25, 2013. Following the preliminary approval hearing, the parties became aware of certain information that bears on Class Counsel's discussion with the Court with regard to anticipated effects of the settlement concerning only those class members who currently own domestic wells. Class Counsel seeks to supplement the record and provide this information to the Court.

      The case involves claims of groundwater and airborne contamination around a former mining site located in Yerington, Nevada. As a part of the proposed settlement, class members who own domestic wells within the class area are provided with certain payments in exchange for a release of liability and other commitments outlined in the settlement agreement. Part of the consideration for the proposed settlement was the Defendants' commitment to fund the extension of (including infrastructure and mechanisms for residents to connect to) the City of Yerington's public water supply system ("City Water System"). The settlement agreement provides that those

property owners who own domestic wells have the option to close and abandon their wells (at Defendants' expense) at the time of connection to the City Water System. If class members do not abandon their wells at that time, they are still required to enter into an agreement that prohibits use of their well for domestic use purposes inside of the home. The parties' intent was to allow class members the continued use of the wells for other domestic uses outside of the home, including washing cars and irrigation. Such uses would necessarily be limited to those allowed by State law. Class members were informed of these potential limits in the notice mailed on March 4, 2013. Class Counsel discussed this aspect of the propose agreement with the Court at the preliminary approval hearing. *See* Hr'g Tr. 12:19 - 13:24, Feb. 25, 2013 (Exhibit A).

In the weeks following this Court's preliminary approval of the proposed settlement, the parties have continued discussions with the State Engineer's Office and the Nevada Attorney General's Office. The parties have been informed by State representatives that (a) the State interprets the provisions in N.R.S. 534.180 (as well as other provisions) as providing the State with the authority to require any class member with a domestic well to close and abandon such well despite an agreement on use restriction, and (b) the State is likely to exercise that authority should the extension of the City Water System occur given that the proposed class area is in a basin that has been designated as a critical management area due to significant depletion of the water supply. Closure would not be required of any well that has been permitted for agricultural, commercial, irrigation or other broader use. The parties estimate that 200 class members own domestic wells not permitted for broader use.

Class Counsel and the Claims Administrator have advised class members of the prospect that the State would make the decision to close any domestic well in this basin should the City

3

Water System be expanded. In addition, Class Counsel plans to hold a public meeting in the class area on April 4, 2012, and have been available to answer questions from class members.

WHEREFORE, Class Counsel respectfully requests that this Honorable Court grant this Motion to Supplement the Record with this information received by the parties since the February 25, 2013 preliminary approval hearing regarding the closure of class members' domestic wells. Class Counsel continues to support the settlement and work to give putative class members a full and fair opportunity to participate in the settlement.

ORDER

IT IS SO ORDERED this 17th day of May, 2013.

_____
ROBERT C. JONES
Chief Judge