UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILIP ROEDER; ANNA ROEDER; LISA LACKORE, individually and as mother and natural guardian of MELISSA LACKORE and COLE LACKORE, minors; SUZANNE SHAPE; GREGORY SHAPE; CLAUDIA HAYDEN AND TIMOTHY HAYDEN; On Behalf of Themselves And all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC RICHFIELD COMPANY and BP AMERICA INC.<br><br>Defendants. | Case No. 3:11-CV-00105-RCJ-WGC<br><br>**AGREED MOTION FOR FINAL APPROVAL OF SETTLEMENT CLASSES AND CLASS SETTLEMENT AND ENTRY OF JUDGMENT** |

The Plaintiffs (on behalf of themselves and as representatives of the Members of the Settlement Classes[1] to be finally certified), by and through their counsel of record, and Defendants Atlantic Richfield Company and BP America Inc., by and through their counsel of record, seek (i) final approval of Settlement Classes and the Class Settlement as reflected by the Amended Class Settlement Agreement presented to the Court on July 10, 2013 by the Second Agreed Motion Supporting Court's Preliminary Approval of Settlement Classes and Class Settlement [ECF No. 108] (the "Second Agreed Motion") and (ii) entry of Judgment in the form attached as Exhibit A. The Court preliminarily approved the Amended Class

---

[1] Capitalized terms are defined in the Amended Class Settlement Agreement, Attachment 1 to the Second Agreed Motion.

2825965.1

Settlement Agreement, as represented by counsel, pending submission of a signed agreement on or before July 10, 2013. *See* Minute Order, dated June 18, 2013 [ECF No. 107].

The Class Settlement will fully, finally and forever resolve, discharge and settle all claims or causes of action that were or could have been asserted in the Litigation and the Released Claims.

## I. The Settlement Classes and the Class Settlement Meet the Legal Standards for Final Approval.

The legal standards for approval of class settlements and certification of settlement classes are set forth in the Agreed Motion for Certification of Settlement Classes and Preliminary Approval of Class Settlement, dated September 12, 2002 [ECF No. 91] (the "First Agreed Motion"), pp. 2-3. The facts considered by the Settling Parties in reaching this settlement, and the facts upon which the Court may base its determination under Fed. R. Civ. P. 23(e) regarding the Class Settlement's fairness, reasonableness and adequacy are set forth in the First Agreed Motion (pp. 4-11 and its Attachments 2-6), the Second Agreed Motion (pp. 3-10), and this Motion. An evaluation of these facts in light of the applicable legal standards supports final approval of the Class Settlement and certification of the Settlement Classes.

## II. Notice under Fed. R. Civ. P. 23 and the Class Action Fairness Act

As required by Fed. R. Civ. P. 23(c), notice of the proposed class settlement and the conditional certification of settlement classes was provided to putative members of both the Property Damage Settlement Class and the Medical Monitoring Settlement Class in accordance with the form, manner and timing of notice approved by the Court. The initial notice was provided to all putative settlement class members at the beginning of March 2013, and supplemental notice of the amendments relating only to putative Property Damage Settlement Class Members who own real property on which a Class Domestic Well is located was provided to those settlement class members at the end of July 2013. The details of settlement class notice and class outreach efforts are set forth in the affidavit of Melissa D. Eisert, of Rust

Consulting Inc., the Class Settlement Claims Administrator approved by the Court, attached as Exhibit B.

Defendants served notice as required by the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), on U.S. Attorney General Eric Holder on September 13, 2012. Defendants also served similar notices on September 13, 2012 on appropriate officials for each of the sixteen states in which putative settlement class members reside. Recipients of CAFA notices and supplemental CAFA notices are listed in the table attached as Exhibit C. Supplemental notices were served on Attorney General Holder and appropriate state officials on November 16, 2012, March 1, 2013, June 3, 2013 and July 12, 2013. Copies of a sample CAFA notice and a sample of each supplemental CAFA notice without attachments are attached as Exhibit D.

Ninety days or more have passed since the last of the CAFA notice and supplemental CAFA notices were served. No official has responded to the CAFA notice or supplemental CAFA notices other than to acknowledge receipt. No official has taken action to oppose the Class Settlement.

### III. Revision to Form of City Release and Further Direction from Nevada Division of Water Resources on Settlement Water Right Application Process

During the supplemental class notice period, several putative Property Damage Settlement Class Members who own real property on which a Class Domestic Well is located raised questions regarding the terms of the City Release form. Before installing a connection to the City of Yerington water system on a property, the City requires the property owner to sign a release. Counsel for the Settling Parties and the City discussed these questions and agreed upon an Amended City Release Form. The Amended City Release Form was submitted to the Court on September 12, 2013 [ECF No. 111]. It also was included in the claims documents signed after that date by Property Damage Settlement Class Members who own real property on which a Class Domestic Well is located. In addition, as the Settling Parties previously advised the Court, they now seek to have any City Release forms previously signed and

- 3 -

submitted be deemed amended to conform the text to the Amended City Release Form submitted to the Court on September 12, 2013.

During the supplemental notice period, the Settling Parties have continued to work with the Nevada Division of Water Resources ("NDWR") and its counsel concerning implementation of the Settlement Water Right Application Process. After further consultation with NDWR, the Settling Parties expect that water right permits issued to owners of Class Domestic Wells who participate in the Settlement Water Right Application Process will reference a water right for an Irrigation Use as opposed to a Quasi-Municipal Use. The reference to Irrigation Use reflects that the primary exterior demand for water supply under the permit will be watering of a family garden and lawn (landscape irrigation) as such exterior domestic well uses are described in N.R.S. §534.013. Issuing these permits for an Irrigation Use would thus comply with Nevada state law.

### IV. Responses of Putative Settlement Class Members

Based on the responses of the putative Settlement Class Members, a clear majority of those eligible to participate in both settlement classes have approved and elect to join the settlement.

#### A. Initial Objections From Some Putative Settlement Class Members Appear to Be Resolved and Should Be Denied.

At the conclusion of the initial class notice period on May 3, 2013, five objections had been submitted by or on behalf of putative settlement class members. The objections came from either individual putative Property Damage Settlement Class Members who own real property on which a Class Domestic Well is located or from a group purporting to consist of such individuals. In addition, the response rate among putative class members owning property on which a Class Domestic Well is located was not satisfactory. In response, the Settling Parties advised the Court on May 31, 2013 [ECF No. 105] of their decision not to seek final approval of the class settlement agreement presented on September 12, 2012. Instead, the Settling Parties decided to enter into an amended class settlement agreement in an effort to address the well owners' concerns. They described the terms of the Amended Class Settlement

Agreement to the Court at a conference on June 10, 2013 and, as ordered, filed an Amended Class Settlement Agreement and its exhibits consistent with that description with the Court on July 10, 2013. Notice of the Amended Class Settlement Agreement was provided to all putative Property Damage Settlement Class Members who own real property on which a Class Domestic Well is located. All such putative class members have been given a new opportunity to decide whether to participate in the class settlement as amended. The amendments appear to have resolved the concerns of Property Damage Settlement Class Members who own real property on which a Class Domestic Well is located because, as of the conclusion of the supplemental settlement class notice period on September 30, 2013, no objections had been submitted or re-submitted. The initial objections appear to be resolved and should be denied.

**B.     Exclusion Requests Are Limited In Number.**

The count of total exclusion requests is 76. The breakdown of the exclusion requests is as follows:

1.     *From the Property Damage Settlement Class -- Persons or entities who at any time on or after February 14, 2011 and up to and including June 3, 2013 claim to have owned real property in the Settlement Class Area but do not own a Class Domestic Well on the date of final Court approval of the Class Settlement.*

| Name | Lyon County Parcel No(s). | Status | Settlement Class Area |
|---|---|---|---|
| Burgess, Joseph M. & Coleen T. | 003-073-10 | Current Owner | Penrose |
| Cassano, Charles F. & Mulderick, Hazel M. | 014-261-33 | Current Owner | Tier 2 |
| Crookes, Frank & Linda D. | 003-042-02 | Current Owner | Penrose |
| Hughes, George | 014-291-10 | Former Owner | Tier 2 |
| Hunt, Todd C. & Kaylene | 003-012-14 | Current Owner | Penrose |
| Kinne, Charles A. Jr. & Sylvie | 003-072-02 | Current Owner | Penrose |
| Landers, Jim G. & Carolyn D. | 014-271-29 | Former Owner | Tier 2 |
| Lemos, Travis J. | 003-031-07 | Current Owner | Penrose |

| Name | Lyon County Parcel No(s). | Status | Settlement Class Area |
|---|---|---|---|
| Mathews, Ralph C. & Mathews, Dale M., Trustees of Mathews, Myrtle Alberta Trust | 014-271-48 | Current Owner | Tier 2 |
| Maxwell, Stanley W. & Myrna R., Trustees | 003-063-02 | Current Owner | Penrose |
| Peacher, Roger & Patricia | 014-261-24 | Current Owner | Tier 2 |
|  | 014-261-27 |  | Tier 2 |
| Pollard, Kendall L. | 014-411-25 | Current Owner | Tier 1 |
| Sceirine Enterprises LLC | 014-241-14 | Current Owner | Tier 2 |
| Sceirine Enterprises LLC & Sceirine Ranches LLC | 014-241-08 | Current Owner | Tier 2 |
| Smith, Wesley A. & Beverly A., Trustees | 003-033-02 | Current Owner | Penrose |
| West, Donald A. & Virginia L., Trustees | 003-012-18 | Former Owner | Penrose |

2. From the Property Damage Settlement Class -- Persons or entities who at any time on or after February 14, 2011 and up to and including September 30, 2013 claim to have owned real property in the Settlement Class Area on which a Class Domestic Well is located on the date of final Court approval of the Class Settlement.

| Name | Lyon County Parcel No(s). | Status | Settlement Class Area |
|---|---|---|---|
| Cassano, Charles F. & Mulderick, Hazel M. | 014-261-32 | Current Owner | Tier 2 |
| Harper, George R. & Patricia C. | 014-271-64 | Current Owner | Tier 2 |
| Holcomb, Ronald J. & Shauna L. | 014-261-29 | Current Owner | Tier 2 |
| Hoverson, Hover C. & Hylton-Hoverson, Donna M., Trustees | 014-271-25 | Current Owner | Tier 2 |
| Humildad, Robert F. & Lysa N. | 014-261-31 | Current Owner | Tier 2 |
| Johnston, Hal B. & Wallin, Diana R. | 014-251-03 | Current Owner | Tier 2 |

| Name | Lyon County Parcel No(s). | Status | Settlement Class Area |
|---|---|---|---|
| Kassebaum, Darold & Rita | 014-281-05 | Current Owner | Tier 2 |
| Kattnig, Thomas J. & Barbara J., Trustees | 014-261-02 | Current Owner | Tier 2 |
| Lacey, Jonathan Allen | 014-261-30 | Current Owner | Tier 2 |
| Lemos, Rodney J., et al. | 014-261-01 | Current Owner | Tier 2 |
| Marston, George Helme Marston Jr. & Elsie Lee, Trustees | 014-411-08 | Current Owner | Tier 1 |
| Mathews, Ralph C. & Mathews, Dale M., Trustees of Mathews, Myrtle Alberta Trust | 014-271-49 | Current Owner | Tier 2 |
| Pitts, Ernest C. & Judith C., Trustees | 014-281-06 | Current Owner | Tier 2 |
| Pitts, Ernst C. & Judy C. | 004-153-11 | Current Owner | Tier 1 |
| Shirk, Neil | 014-271-52 | Current Owner | Tier 2 |
| Taylor, Donald R. & Catherine | 004-091-01 | Current Owner | Tier 2 |
| Wood, Aloha & Marty Dale | 014-261-05 | Current Owner | Tier 2 |
|  | 014-271-21 |  | Tier 2 |

3. *From the Medical Monitoring Settlement Class -- Persons who at any time on or after February 14, 2011 and up to and including June 10, 2013 claim to have been legal residents of the Settlement Class Area.*

| Name |
|---|
| Cassano, Charles F. |
| Harper, George R. |
| Harper, Patricia C. |
| Holcomb, Ronald J. |
| Holcomb, Shauna L. |
| Hylton-Hoverson, Donna M. |
| Humildad, Lysa N. |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

| | Name |
|---|---|
| 1 | |
| 2 | Humildad, Robert F. |
| 3 | Hunt, Kaylene |
| 4 | Hunt, Todd C. |
| 5 | Johnston, Hal B. |
| 6 | Kassebaum, Darold |
| 7 | Kassebaum, Rita |
| 8 | Kattnig, Barbara |
| 9 | Kattnig, Thomas J. |
| 10 | Lacey, Jonathan Allen |
| 11 | Landers, Carolyn D. |
| 12 | Landers, Jim G. |
| 13 | Lemos, Danny |
| 14 | Lemos, Guy F. |
| 15 | Lemos, Jodi L. |
| 16 | Lemos, Mackenzie G. |
| 17 | Lemos, Travis J. |
| 18 | Marston, Elsie Lee |
| 19 | Marston, George Helme Jr. |
| 20 | Mathews, Dale M. |
| 21 | Mathews, Ralph C. |
| 22 | Maxwell, Myrna R. |
| 23 | Maxwell, Stanley W. |
| 24 | Moore, Ronald |
| 25 | Moore, Vickie |
| 26 | Mulderick, Hazel M. |
| 27 | Pitts, Ernst C. |
| 28 | Pitts, Judith |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

| Name |
|---|
| Pollard, Kendall L. |
| Shirk, Neil |
| Taylor, Catherine E. |
| Taylor, Donald R. |
| Wallin, Diana R. |
| West, Donald A. |
| West, Virginia L. |
| Wood, Aloha |
| Wood, Marty Dale |

The total number of exclusion requests is less than twelve percent of the estimated number of real property owners and residents potentially eligible to be settlement class members overall. The number of exclusion requests from the 186 putative Property Damage Settlement Class Members who own real property on which a Class Domestic Well is located is less than ten percent.

V. **Compliance with Fed. R. Civ. P. 23(e)(3)**

The Settling Parties represent that their entire agreement is reflected by the Agreed Motion, the Second Agreed Motion and the Amended Class Settlement Agreement. They have made no other agreements in connection with the proposed Class Settlement.

VI. **Administration of Class Settlement**

If the Court grants final approval to the Class Settlement and the Settlement Classes, Rust Consulting Inc., previously approved by the Court as Class Settlement Claims Administrator, will administer the Class Settlement including review and validation of claim forms, processing environmental covenant and access agreement forms, well abandonment forms and water right application forms, and payment of settlement amounts to Members of the Property Damage Settlement Class and the Medical Monitoring Settlement Class. Rust will provide the original environmental covenant and access agreement forms and well abandonment forms to counsel for Defendants who will have the fully executed forms recorded

in the Lyon County real property records or the Nevada Division of Water Resources records, as appropriate. Rust also will provide the original water right application forms to the water rights engineer working under the oversight of Class Counsel for inclusion in the Settlement Water Right Application Process described in the Amended Class Settlement Agreement.

## VII. <u>Entry of Judgment and Dismissal With Prejudice</u>

An essential term of the Class Settlement is the Settling Parties' agreement on a form of Judgment to implement the Class Settlement if it receives the Court's final approval. The form of Judgment is attached as Exhibit A and a Word version is being concurrently submitted to the Court with this Motion. Among other things, the Judgment dismisses with prejudice all claims and causes of action that were or could have been asserted on behalf of the Plaintiffs and all Members of one or both Settlement Classes against Defendants in this litigation in their entirety and on the merits. In addition, the Judgment implements the releases and bars of further actions contained in the Amended Class Settlement Agreement.

## VIII. <u>Retention of Jurisdiction.</u>

The Settling Parties further request that, if the Class Settlement is finally approved after the Fairness Hearing, the Court retain jurisdiction with respect to the implementation, construction, enforcement, and administration of the terms of the Amended Class Settlement Agreement.

## CONCLUSION

The Settling Parties respectfully request the Court to grant final approval of the Settlement Classes and the Class Settlement and enter judgment in the form of the attached Judgment and Order of Dismissal with Prejudice.

DATED: October 15, 2013.

By: *s/ Allan Kanner*

**KANNER & WHITELEY, L.L.C.**
Allan Kanner, Esq. (*Pro Hac Vice*)
Elizabeth B. Petersen, Esq. (*Pro Hac Vice*)
701 Camp St.
New Orleans, LA 70130
Phone: (504) 524-5777

**ROBINSON, BELAUSTEGUI, SHARP & LOW**
Kent R. Robison, Esq.
Kristen Martini, Esq.
71 Washington St.
Reno, NV 89503
Phone: (775) 329-3151

**GERMAN RUBENSTEIN LLP**
Joel Rubenstein, Esq. (*Pro Hac Vice*)
Steven J. German, Esq. (*Pro Hac Vice*)
19 W. 44th St., Ste. 1500
New York, NY 10036
Phone: (212) 704.2020

**JANET, JENNER & SUGGS LLC**
Howard A. Janet, Esq. (*Pro Hac Vice*)
Robert K. Jenner, Esq. (*Pro Hac Vice*)
Kenneth M. Suggs, Esq. (*Pro Hac Vice*)
Leah K. Barron, Esq. (*Pro Hac Vice*)
1777 Reisterstown Rd., Ste. 165
Baltimore, MD 21208
Phone: (410) 653-3200

Attorneys for Plaintiffs and Settlement Classes

By: *s/ William J. Duffy*

**DAVIS GRAHAM & STUBBS LLP**
William J. Duffy (*Pro Hac Vice*)
Jonathan W. Rauchway (*Pro Hac Vice*)
Jeffrey R. Pilkington (*Pro Hac Vice*)
1550 17th Street, Suite 500
Denver, Colorado 80202-1500
Phone: 303-892-9400

**SNELL & WILMER LLP**
Greg Brower, NV Bar No. 5232
Joshua D. Cools, NV Bar No. 11943
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Phone: (702) 784-5200

Attorneys for Defendants