**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILIP ROEDER et al., )<br>　　　　　Plaintiffs, )<br>　　vs. )<br>ATLANTIC RICHFIELD CO. et al., )<br>　　　　　Defendants. )<br>　　　　　　　　　　　　　　　　) | 3:11-cv-00105-RCJ-WGC<br><br>**ORDER** |

　　　This class action arises out of alleged air and groundwater contamination by a mining company in Yerington, Nevada. The Court approved a class settlement and entered judgment in October 2013. Pending before the Court is a motion by two would-be objectors to reconsider that approval. For the reasons given herein, the Court denies the motion.

　　　Richard and Audrey Hanson (collectively, the "Hansons") allege they did not receive notice of the preliminary approval of the class settlement and therefore were denied their due process rights to notice and hearing before final approval. The Court gave the settlement preliminary approval on June 10, 2013 and set a final approval hearing for October 21, 2013. The notification letter to be sent to class members was dated July 30, 2013 and is attached as Exhibit 1 to the Hansons' motion. The Hansons claim they did not receive the letter. Richard Hanson alleges he first learned of the lawsuit and settlement in January 2014 when he traveled to Yerington to arrange the sale of the relevant land and his realtor mentioned the lawsuit to him.

　　　As Plaintiffs note in opposition, the issue is one of notice, not of the underlying fairness of the settlement. The Hansons do not allege that the settlement was unfair. They allege

unfairness only in the sense that they were not actually notified in time to participate in the settlement. The notice issue is controlled by the *Mullane* line of cases. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1949). Notice should be attempted as if the notice-giver is actually desirous that notice is received. *Id.* at 315. Although actual notice is not required, *Dusenbery v. United States*, 534 U.S. 161, 170 (2002), a constitutionally reasonable attempt at notice may become unreasonable if the notice-giver becomes aware of a failure of notice and makes no further attempt. *Jones v. Flowers*, 547 U.S. 220, 229–30 (2006). Rule 23(e)(1) imposes no greater notice requirement than that notice be "reasonable" and the "best notice practicable." *Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994). Plaintiffs have asked the Court not to deny the Hansons' motion outright, but to defer ruling while class counsel and the Hansons discuss settlement of the motion, i.e., the Hansons' participation in the settlement as already approved.

      The following notice was given to relevant landowners: (1) first class mail to the addresses of record of the affected property owners based upon the Lyon County property tax records; (2) return of any notices of undeliverability to the claims administrator for further search; (3) publication in the *Reno Gazette Journal* and the *Mason Valley News*; and (4) maintenance of a class website during the notice period. In any case, Plaintiffs argue that there is in fact evidence of actual notice. The Hansons appear on the mailing list of property owners to whom individual notices were sent. Three separate notices (one for each parcel) were sent to Richard Hanson at 1251 Landerwood, Reno, Nevada 89511, the address on record with the Lyon

County Assessor.¹ None of the three notices were returned.² The same is true of the three postcards sent to the Hansons on March 27, 2013 notifying them of an open house to be hosted by class counsel in Yerington on April 4, 2013. The same is true of three reminder postcards sent to the Hansons on April 15, 2013. The same is true of three reminder postcards sent to the Hansons on June 3, 2013 advising them of the rescheduling of the final approval hearing. Also, on May 1, 2013, the claims administrator called the Hansons and left a message to remind them of the May 3, 2013 deadline to submit a claim form. The claims administrator did not mail additional notice sent only to well owners because the Lyon County records do not identify any wells on the Hansons' property.

      The Court finds that notice was constitutionally reasonable. Only the Hansons knew there was any well on the property, as the Lyon County records did not apprise class counsel or the claims administrator. The Hansons received constitutionally reasonable notice of the settlement, and it appears extremely unlikely that the Hansons did not receive actual notice. The only thing the Hansons allegedly received no notice of was the supplemental notice concerning well owners, but class counsel and the claims administrator had no knowledge of any well on the land, because the Hansons had not updated the property records to reflect any well. The Hansons should have realized that a lawsuit over groundwater contamination would be relevant to their well and should have contacted class counsel before the settlement hearing to inquire further after receiving notice of the contamination lawsuit generally. Class counsel fulfilled their duty of

---

¹The Hansons do not deny that they reside at this address.

²Only clear and convincing evidence of non-receipt can overcome the presumption that properly-addressed first class mail deposited with the U.S. Post Office is received. *See In re Ricketts*, 80 B.R. 495, 498–99 (B.A.P. 9th Cir. 1987) (Jones, J., concurring). "[A]n allegation that no notice was received does not, by itself, rebut the presumption of proper notice." *Id.* at 497 (majority opinion) (citing *In re Am. Props.*, 30 B.R. 247, 250 (Bankr. D. Kan. 1983)). The Hansons simply provide an affidavit denying receipt. That affidavit is not sufficient. And it is likely not true, anyway, that there was a failure of the U.S. Post Office to deliver three redundant notices on four separate occasions.

1  notice as to the Hansons based upon the property records.  The Court will therefore not require
2  class counsel to accept the Hansons' untimely claim form and will not stay the motion.  Class
3  counsel may approve compensation for the Hansons from any relevant settlement funds if
4  practicable, if appropriate under the settlement, and if it will not reduce other timely claims, but
5  the Court will not mandate that they do so.  Finally, the Hansons make no argument that the
6  settlement was unfair to the class, so potentially vacating the judgment itself is not implicated by
7  the present motion.

## CONCLUSION

9  IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 119) is DENIED.
10  IT IS SO ORDERED.

Dated this 16th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge